

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 14, 1971

Mr. Frank M. Jackson
Executive Secretary
Teacher Retirement System
  of Texas
314 West 11th Street
Austin, Texas 78701

Opinion No. M- 949

Re:  (a)  Authority of Board
     of the Teacher Retirement
     System to grant merit
     increase to salaried
     employees.

     (b)  Authority of the
     Board to pay certain
     insurance premiums for
     employees.

Dear Mr. Jackson:

        In your recent letter you requested the opinion of
this office on the following questions:

        "1.  Does the Board of Trustees of the Teacher
    Retirement System have authority to grant merit in-
    creases within a salary group to employees of the
    Teacher Retirement System?

        "2.  Does the Board of Trustees of the Teacher
    Retirement System have authority to pay premiums on
    policies containing group life, health, accident,
    accidental death and dismemberment, disability in-
    come replacement and hospital, surgical and medical
    expense insurance for employees of the Teacher Re-
    tirement System in excess of $12.50 per month per
    full-time employee?"

        Except as the merit increase may be subject to President
Nixon's recent "freeze order" (see Attorney General's Opinion No.
M-942, 1971), we are of the opinion that the Board has authority
to grant a merit increase provided the higher salary does not
exceed the highest salary paid by the State for a position in-
volving similar services.

        The State Position Classification Plan does not govern
salaries of employees of the Teacher Retirement System for
reasons here discussed.

-4644-

Section 2 of Article 6252-11, Vernon's Civil Statutes, Position Classification Act of 1961, provides in part as follows:

"Sec. 2.   All regular, full-time salaried employments within the departments and agencies of the State specified in Article III, and the Central Education Agency, Deaf and Blind Schools in Article IV, . . . of the biennial Appropriations Act, shall conform with the Position Classification Plan hereinafter described . . . with the exception and deferments hereafter provided in this Section.

"Effective January 1, 1962, all regular, full-time salaried employments in executive or administrative agencies of the State, regardless of whether their funds are kept inside or outside the State Treasury, shall also conform with the Position Classification Plan hereinafter described and with the salary rates and provisions of the General Appropriation Act with the exceptions hereinafter provided in this Section.

"  . . .

"Specifically excepted from the Position Classification Plan hereinafter described are . . . and such other positions in the State government as have heretofore been or as may hereafter be excluded from such Position Classification Plan by executive order of the Governor or by direction of the Legislature."  (Emphasis supplied)

We are of the opinion that employees of the Teacher Retirement System have been excluded from the Position Classification Plan by direction of the Legislature.

The Teacher Retirement System is presently governed by Chapter 3 of the Texas Education Code as amended and codified by Chapter 405 (House Bill No. 279), Acts of the 62nd Legislature, Regular Session, 1971.

Section 3.56 of the Texas Education Code provides, in summary, that all expenses of the system shall be paid from an expense account created by the statute. Membership fees are credited to that account, and a transfer is made to the expense account from the interest account if needed.

There is no provision in the latest General Appropriation Act for administrative expenses for the Teacher Retirement System.  There is provision in the Appropriation Act for the State's contribution to match members' contributions, but this is credited to a special State Contribution Account.

Further indication of Legislative intent that the Teacher Retirement System is not to be governed by the Position Classification Plan is found in Section 3.59(j) of the Texas Education Code, which reads in part as follows:

> " . . . The rate of compensation of all persons employed by the State Board of Trustees, as well as the amounts necessary for other operations of the retirement system, shall be approved by the State Board of Trustees, provided they shall be no greater than those for similar services performed for the State of Texas."

We are of the opinion that the Position Classification Plan has no application to the Teacher Retirement System.  In reaching this conclusion we have followed the rationale employed in Attorney General's Opinion No. WW-1095 (1961), WW-1222 (1961), and WW-1262 (1962).  Those opinions held, respectively, that the Position Classification Plan does not apply to the Finance Commission, Banking and Savings and Loan Departments, to the Texas State Board of Plumbing Examiners, or to the Liquidation Division of the State Board of Insurance.

Your second question is undoubtedly related to the provisions of Article V, Section 10, of the General Appropriations Act passed by the 62nd Legislature.  A part of that Section reads as follows:

> "Payment by the state from the designated funds on any policy or policies shall be limited to twelve dollars and fifty cents ($12.50) per month per full-time employee."

That provision does not apply to the Teacher Retirement System for the reason that the paragraph in which it is included provides in part that

> "State departments and agencies covered by this Act (Articles I through VI) . . . shall utilize funds . . . to pay employee premiums . . ." (Emphasis supplied)

The only appropriation made in the General Appropriation Act to the Teacher Retirement System is for State contributions to match members' contributions. We think this does not bring the System within the purview of the paragraph in Article V, Section 10 of the Act relating to employee insurance.

We think that in paying insurance premiums for its employees the System will be governed by the provisions of Articles 3.50 and 3.51 of the Texas Insurance Code and may be subject to the Presidential Freeze Order or the ruling of the President's Cost of Living Council, a matter upon which we express no opinion.

### S U M M A R Y

The Teacher Retirement System of Texas is not governed by the Position Classification Plan in granting a merit increase in salary.

Except as the merit increase may be subject to President Nixon's recent "freeze order" (Attorney General's Opinion No. M-942, 1971), the Teacher Retirement System is restricted as to salaries paid by a provision of the Texas Education Code that the System may not pay more than is paid for similar services performed for the State of Texas.

The provisions of Article V, Section 10, of the General Appropriations Act passed by the 62nd Legislature, Regular Session, 1971, relating to State contribution to insurance premiums, do not apply to the Teacher Retirement System.

The Teacher Retirement System is governed in paying insurance premiums for its employees by Articles 3.50 and 3.51 of the Texas Insurance Code and may be subject to the Presidential Freeze Order or the ruling of the Cost of Living Council, a matter upon which no opinion is expressed.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Bill Craig
Marietta Payne
Roland Allen
Houghton Brownlee

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant